**JOHN C. ELLIS, JR.**
California State Bar No. 228083
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: john_ellis@fd.org

Attorneys for Marlene Lyliann Lorenzana

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR0725-DMS |
| ) | |
| Plaintiff, ) | DATE:        April 25, 2008 |
| ) | TIME:        11:00 a.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND |
| MARLENE LYLIANN LORENZANA (1), ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| Defendant. ) | DEFENDANT'S MOTIONS_____ |
| ) | |
| _____ ) | |

**I.**

**STATEMENT OF FACTS**

        The following statement of facts is based, in part, on materials received from the government. Ms. Lorenzana does not accept this statement of facts as his own, and reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

        On February 15, 2008, Marlene Lyliann Lorenzana was arrested at the San Ysidro Port of Entry. On March 12, 2008, the Government filed a five-count indictment against Ms. Lorenzana, charging, in counts one, two, three and five, a violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2, and in count four a violation of 8 U.S.C. 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2.

        These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Ms. Lorenzana only recently received limited discovery in this case.  Ms. Lorenzana moves for the production of the following discovery.  This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1)    The Defendant's Statements.  The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant, which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see id., any response by the defendant to interrogation; the substance of any oral statements, which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings, which may have been given to the defendant; as well as any other statements by the defendant.  Fed. R. Crim. P. 16(a)(1)(A)[1].  The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.  Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to a fair trial." United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986); see also United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).  **This request includes, but is not limited to, all recorded conversations.**

(2)    Arrest Reports and Notes.  The defendant also specifically requests that the government turn over all arrest reports, notes, TECS records, dispatch tapes, audio tapes, and video tapes not already produced that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any other discoverable material is contained.  Such material is discoverable under Fed.

---

[1] Of course, any of Ms. Lorenzana's statements, which are exculpatory, must be produced, as well.  See Brady v. Maryland, 373 U.S. 83 (1963).

1  R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>.  The government must produce arrest reports, investigators'

2  notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant.

3  *See* Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th

4  Cir. 1976) (original notes with suspect or witness must be preserved); <u>see also</u> <u>United States v. Anderson</u>, 813

5  F.2d 1450, 1458 (9th Cir. 1987) (reaffirming <u>Harris</u>' holding).

6          (3)     <u>Brady Material</u>.  The defendant requests all documents, statements, agents' reports, and

7  tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the

8  government's case.  <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).  Under <u>Brady</u>, <u>Kyles</u> and their progeny,

9  impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the

10 accused.  <u>See also</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

11 This includes information obtained from other investigations which exculpates Ms. Lorenzana.  Moreover,

12 Ms. Lorenzana request all information regarding the immigration status of the material witness; a complete

13 criminal history report of the material witness; and any reports of investigation, prior statements, prior arrest,

14 etc. of the material witness.

15         (4)     <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  The

16 government must also produce this information under <u>Brady v. Maryland</u>.  This request includes any

17 cooperation, or attempted cooperation, by the defendant, as well as any information, including that obtained

18 from other investigations or debriefings, that could affect any base offense level or specific offense

19 characteristic under Chapter Two of the Guidelines.  The defendant also requests any information relevant

20 to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant

21 to any other application of the Guidelines.

22         (5)     <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior record.

23 Fed. R. Crim. P. 16(a)(1)(B).

24         (6)     <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts

25 under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, "upon request of the

26 accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of

27 any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for

28 which introduction is sought.  This applies not only to evidence which the government may seek to introduce

1  in its case-in-chief, but also to evidence which the government may use as rebuttal.  See United States v.

2  Vega, 188 F.3d 1150 (9th Cir. 1999).  The defendant is entitled to "reasonable notice" so as to "reduce

3  surprise," preclude "trial by ambush" and prevent the "possibility of prejudice."  Id.; United States v. Perez-

4  Tosta, 36 F.3d 1552, 1560-61 (11th Cir. 1994).  Ms. Lorenzana requests such reasonable notice at least two

5  weeks before trial, so as to adequately investigate and prepare for trial.

6        (7)    Evidence Seized.  The defendant requests production of evidence seized as a result of any

7  search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(C).

8        (8)    Request for Preservation of Evidence.  The defendant specifically requests the preservation

9  of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody,

10  or care of the government, and which relates to the arrest, or the events leading to the arrest, in this case.  This

11  request includes, but is not limited to, the results of any fingerprint analysis, the vehicle which the defendant

12  drove, the defendant's personal effects, any effects found within the vehicle, any evidence seized from the

13  defendant, or any third party in relation to this case, and all audio or video recordings of Ms. Lorenzana or

14  any third parties related, directly or indirectly, to this case.

15        (9)    Henthorn Evidence.  Ms. Lorenzana requests that the Assistant United States Attorney

16  assigned to this case oversee a review of all personnel files of each agent involved in the present case for

17  impeachment material.  Kyles, 514 U.S. at 419; United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991);

18  United States v. Lacy, 896 F. Supp. 982 (N.D. Ca. 1995).  At a minimum, the prosecutor has the obligation

19  to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other

20  impeachment exists.

21        (10)   Tangible Objects.  The defendant requests the opportunity to inspect and copy, as well as test,

22  if necessary, all documents and tangible objects, including photographs, books, papers, documents, fingerprint

23  analyses, vehicles, or copies of portions thereof, which are material to the defense, or intended for use in the

24  government's case-in-chief, or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(C).

25  Specifically, to the extent they were not already produced, the defendant requests copies of all photographs

26  in the government's possession of the vehicle, the defendants, and any other photos taken in connection with

27  this case.  **Additionally, Ms. Lorenzana moves this court to order the government to allow defense**

28  **counsel to view, inspect, and copy the A-file of the material witnesses.**

(11) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E). The defense requests that notice of expert testimony be provided at a minimum of three weeks prior to trial, so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. <u>See</u> <u>Kumho v. Carmichael Tire Co.</u>, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . ..").

(12) <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Ms. Lorenzana requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(13) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(14) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>.

(15) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(16) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show

1  that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and

2  any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an

3  alcoholic.

4         (17)   <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material,

5  including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500;

6  Fed. R. Crim. P. 26.2.  Advance production will avoid the possibility of delay at the request of the defendant

7  to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate

8  account of the witness' interview is sufficient for the report, or notes, to qualify as a statement under

9  section 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v.</u>

10  <u>Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with subject

11  interview notes are subject to Jencks Act).

12         (18)   <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant

13  requests all statements and/or promises, express or implied, made to any government witnesses, in exchange

14  for their testimony in this case, and all other information which could arguably be used for the impeachment

15  of any government witness.

16         (19)   <u>Agreements Between the Government and Witnesses</u>.  In this case, the defendant requests

17  identification of any cooperating witnesses, who have committed crimes, but were not charged, so that they

18  may testify for the government in this case.  The defendant also requests discovery regarding any express or

19  implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind

20  of agreement or understanding, including any implicit understanding relating to criminal or civil income tax,

21  forfeiture or fine liability between any prospective government witness and the government (federal, state

22  and/or local).  This request also includes any discussion with a potential witness about, or advice concerning,

23  any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not

24  followed.  **Ms. Lorenzana further requests disclosure of <u>all</u> arrangements between the material witness**

25  **and the government.**

26         Pursuant to <u>United States v. Sudikoff</u>, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests <u>all</u>

27  statements made, either personally or through counsel, <u>at any time</u>, which relate to the witnesses' statements

28

1  regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of

2  these witnesses, any agreement sought, bargained for, or requested on the part of the witness at any time.

3       (20)  <u>Informants and Cooperating Witnesses</u>.  To the extent that there was any informant, or any

4  other tip leading to the arrests in this case, the defendant requests disclosure of the names and addresses of

5  all informants, or cooperating witnesses, used, or to be used, in this case, and in particular, disclosure of any

6  informant who was a percipient witness in this case, or otherwise participated in the crime charged against

7  Ms. Lorenzana.  The government must disclose the informant's identity and location, as well as the existence

8  of any other percipient witness, unknown or unknowable, to the defense.  <u>Roviaro v. United States</u>, 353 U.S.

9  53, 61-62 (1957).  The government must disclose any information derived from informants, which exculpates,

10 or tends to exculpate, the defendant.

11      (21)  <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any

12 information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>.

13 Such information would include what, if any, inducements, favors, payments, or threats were made to the

14 witness to secure cooperation with the authorities.

15      (22)  <u>Residual Request</u>.  Ms. Lorenzana intends, by this discovery motion, to invoke his rights to

16 discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution

17 and laws of the United States.  Ms. Lorenzana requests that the government provide his attorney with the

18 above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-

19 examination.

## III.

## <u>REQUEST FOR LEAVE TO FILE FURTHER MOTIONS</u>

22      Ms. Lorenzana anticipates filing further motions in this case in response to reviewing the recently

23 provided discovery.  Additionally, as new information surfaces due to the government providing discovery

24 in response to these motions, or an order of this Court, it may be necessary to file further motions, or to

25 supplement existing motions with additional facts.  The denial of this motion will result in a violation, at a

26 minimum, of Ms. Lorenzana's Fifth and Sixth Amendment rights.  Therefore, defense counsel requests the

27 opportunity to file further motions based upon information gained from discovery.

28

**IV.**

**<u>CONCLUSION</u>**

For the reasons stated above, Ms. Lorenzana moves this Court to grant his motions.

Respectfully submitted,

DATED:  April 11, 2008

*/s/ John C. Ellis, Jr.*
**JOHN C. ELLIS, JR.**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Lorenzana
John_Ellis@fd.org